## UNITED STATES of America, Plaintiff—Appellee,

v.

## Zoyla Isolina ASENSIO–BOY-ADZHYAN, Defendant—Appellant.

### No. 02–30204.

### D.C. No. CR–00–00079–A–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2003.

Decided Aug. 28, 2003.

Mark A. Rosenbaum, Asst. U.S. Atty., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff-Appellee.

Barat M. LaPorte, Patton Boggs LLP, Anchorage, AK, for Defendant-Appellant.

Before PREGERSON, CANBY, and McKEOWN, Circuit Judges.

## MEMORANDUM *

We reject the four grounds for relief urged by Zoyla Isolina Asensio–Boyadzhyan in this appeal.

First, we review de novo the district court's denial of Asensio–Boyadzhyan's motion to suppress her post-arrest statement. The district court's voluntariness determination is reviewed under the clearly erroneous standard. *See United States v. Sherwood,* 98 F.3d 402, 403 (9th Cir. 1996). Asensio–Boyadzhyan's statement was spontaneous and not the result of interrogation, and therefore its admission did not violate her *Miranda* rights. *See Rhode Island v. Innis,* 446 U.S. 291, 300, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Nor was the statement coerced in any way, which satisfies the Fifth Amendment. *See United States v. Bautista–Avila,* 6 F.3d 1360, 1364 (9th Cir.1993).

Second, we review for abuse of discretion the district court's decision to exclude under Fed.R.Crim.P. 16(d)(2) the testimony of Asensio–Boyadzhyan's expert accountant as a sanction for Asensio–Boyadzhyan's violation of Fed.R.Crim.P. 16(b)(1)(C). *See United States v. Mandel,* 914 F.2d 1215, 1219 (9th Cir.1990). The district court had evidence before it from which it could reasonably conclude that Asensio–Boyadzhyan's discovery violation was willful and motivated by a desire to obtain a tactical advantage. *See United States v. Finley,* 301 F.3d 1000, 1018 (9th Cir.2002). Therefore we conclude that the district court did not abuse its discretion in excluding the testimony.

Third, we review for abuse of discretion the district court's denial of Asensio–Boyadzhyan's motion to sever her trial. *See United States v. Sarkisian,* 197 F.3d 966, 975 (9th Cir.1999). Because Asensio–Boyadzhyan has not met her burden of showing that a manifest injustice resulted from the joint trial, the denial of her motion stands. *See id.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, we review de novo the district court's denial of Asensio–Boyadzhyan's motion for judgment of acquittal based upon insufficient evidence of intent. *See United States v. Hursh,* 217 F.3d 761, 767 (9th Cir.2000). After viewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found beyond a reasonable doubt that Asensio–Boyadzhyan knowingly participated in the crimes of which she was charged. *See id.*

**AFFIRMED.**